**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN DILLOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STACY L. GARRITY, in her official capacity as the Treasurer of the Commonwealth of Pennsylvania,<br><br>Defendant. | CIVIL ACTION<br><br>No. ___________ |

## CLASS ACTION COMPLAINT

Plaintiff Brian Dillow ("Plaintiff"), individually and on behalf of a Class of persons, as defined below, for this Class Action Complaint (the "Complaint") against Defendant Stacy L. Garrity, Treasurer of the Commonwealth of Pennsylvania[1] (the "Treasurer" or "Defendant"), in her official capacity, states as follows:

## INTRODUCTION

1. Plaintiff brings this action challenging the constitutionality pursuant to the Fifth and Fourteenth Amendments to the United States Constitution of the provision of Pennsylvania's Disposition of Abandoned and Unclaimed Property Act (the "Act"), which requires the Commonwealth to take for public use, private property that the Commonwealth classifies as "presumed abandoned" pursuant to the provisions of the Act without payment of just compensation. This action also challenges the Act pursuant to the Takings Clause of Article I, Section 10 of the Pennsylvania Constitution. Count I of the Complaint seeks just compensation and declaratory and injunctive relief under 42 U.S.C. § 1983 and pursuant to

[1] All references to the "Commonwealth" refer to the Commonwealth of Pennsylvania.

the United States Constitution on behalf of all owners of unclaimed property held by the Treasurer in the form of money as of the date of the taking. Count II seeks identical relief under Section 1983 and the Pennsylvania Constitution.

2. The Act applies to personal property that is held by a third party (the "holder"), for example, a bank, insurance company, corporation, or public utility. Under the Act such property is "presumed abandoned" if the owner, as defined in the Act, has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property within certain time limits provided in the Act. Property that is "presumed abandoned" must be delivered to Defendant's custody. The Act is custodial only. Ownership of the property taken remains with the person whose property is transferred by the holder to the Commonwealth.

3. The Takings Clause of the Fifth Amendment to the United States Constitution (the "5th Amendment") prohibits the government from using private property for public purposes without compensation to the property owner: "nor shall private property be taken for public use, without just compensation."

4. The Takings Clause of Article I, Section 10 of the Pennsylvania Constitution ("Article I, Section 10") contains a similar proscription: "nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured."

5. Nevertheless, pursuant to the Act "presumed abandoned" property, proceeds from any sale of any such property that was not in cash form when it was taken into state custody and all cash delivered as presumed abandoned to the Defendant, are all used to fund state programs or operations until claimed by an "owner" of the property. An owner may

reclaim property from the Commonwealth. However, the Act provides that an owner who files a valid claim is entitled only to the property turned over to the Commonwealth by the holder (or the proceeds from the sale of that property) and not to the payment of just compensation to an owner of presumed abandoned property held in the form of cash that the Commonwealth puts to public use while in custody or the use of that property.

6. In the case of interest or dividend-bearing securities, the owner is entitled to any interest or dividends that accrue prior to sale of the security, but with respect to presumed abandoned property the Act does not provide for compensation to any owner for the Commonwealth's use of that property to fund Commonwealth obligations during the period it is in the Commonwealth's custody from the time of the taking to the time just compensation is paid.

7. Accordingly, the Act effectively provides the Commonwealth with an interest-free loan of unclaimed private property funds that the Act directs to be co-mingled, in part, with the Commonwealth's General Fund while in the Treasurer's custody, without providing any just compensation to claiming property owners for the state's use of those private property funds.

8. The Commonwealth currently holds approximately $5 billion in unclaimed property funds, and it uses that unclaimed property freely to fund Commonwealth obligations. The Commonwealth otherwise pays market rates to borrow money.

**PARTIES**

9. Plaintiff Brian Dillow is and has been at all relevant times a citizen and resident of Chester County, Pennsylvania. Plaintiff is an "owner" of property, as defined in 72 P.S. §1301.1, that was formerly held in custody by Defendant pursuant to the Act. In July

2026, after Plaintiff claimed and received presumed abandoned property from the Commonwealth, the Commonwealth failed to pay Plaintiff any just compensation for its public use of his private property items while those items were held in the Commonwealth's custody.

10. Defendant Stacy L. Garrity is the Treasurer of the Commonwealth of Pennsylvania. In that position, pursuant to the Act, Defendant, or any predecessor or successor in that position, is and has been in charge of supervising and administering the Act. Plaintiff sues Defendant Garrity in her official capacity. In that capacity, she resides in this District and is subject to suit in this District. Specifically, the Treasurer maintains a primary office in Philadelphia, Pennsylvania, at which it directs holders of unclaimed property to remit all unclaimed property to the Commonwealth's custody and file related reports with the Commonwealth regarding unclaimed property in the holder's possession. The Treasurer's alternative by-mail method for holders to deliver such reports and unclaimed property to the Commonwealth is a single post office box, also located in Philadelphia.

**JURISDICTION AND VENUE**

11. The claims in this Complaint arise under the 5th and 14th Amendments to the United States Constitution, Article I, Section 10 of the Pennsylvania Constitution, and under 42 U.S.C. § 1983. As such, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367(a). In addition, Count I of this Complaint involves a claim for a Declaratory Judgment under 28 U.S.C. § 2201, et seq.

12. Venue is proper in this District because Defendant is deemed to reside in and is subject to suit in this District, and because a substantial portion of the events that underlie the claims asserted here occurred in this District.

## STATEMENT OF FACTS

### I. The Act and Its Operation

13. The Act contains many provisions modeled after a Uniform Unclaimed Property Act promulgated by the Uniform Law Commission. The Pennsylvania Act provides that private property is "presumed abandoned" if the owner or apparent owner has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property for a certain period of time, generally for 2 to 3 years, and longer periods at times. 72 P.S. §§1301.2-1301.11. The purpose of the Act is twofold: first, to reunite owners with their property, and second, to allow the Commonwealth rather than the holder to use the property before it is reunited with its owner. Ownership of the property is not passed to the Commonwealth. The Act is custodial only.

14. Once a holder determines property in its possession is "presumed abandoned" within the meaning of the Act, the holder is required to attempt to notify the owner and, if the property is not claimed by the owner, to deliver the property into the custody of the Treasurer. 72 P.S. §§1301.2-1301.10, 1301.13. If the property is not cash, securities or negotiable instruments, Defendant is permitted to sell the property within a reasonable time to the highest bidder at a public sale. 72 P.S. §1301.17. The Treasurer "shall be required to sell all stocks, bonds and other negotiable financial instruments upon receipt of such items." *Id.* The unclaimed property and proceeds from the sale of unclaimed property are to be held in custody for the owner, who can reclaim the property from the Commonwealth at any time, but without payment of any compensation for the state's use of that property for the time in the Treasurer's custody until payment of just compensation. 72 P.S. §1301.20.

15. The Act directs the Treasurer to deposit all funds received pursuant to the

Act, including funds from the liquidation of property, into the Commonwealth's General Fund, except for mandatory deposits to a "separate trust fund" containing a sum "not exceeding" $25,000 "plus twenty per centum of deposits and sums [representing unclaimed property] paid to the State Treasurer…during the preceding twelve (12) months," from which the Treasurer shall pay owner claims. 72 P.S. §1301.18(a).

16. The only exception is for unclaimed restitution awards, 95% of the total amount of which is annually deposited in the Commonwealth's Crime Victim's Compensation Fund and 5% of which is deposited into a Rightful Owners' Fund from which owner claims are paid, with any money in the Rightful Owners' Fund left over 12 months after the annual deposit transferred to the Crime Victim's Compensation Fund. 72 P.S. §1301.18(a.1). Accordingly, unclaimed restitution awards are put to specific public uses and are not simply co-mingled with the Commonwealth's General Fund.

17. The Treasurer acknowledges that the Commonwealth "is actively seeking the owners of approximately $5 billion of unclaimed property," that "Treasury receives hundreds of millions of dollars in unclaimed property every year," and that "[t]he average value of a claim is more than $1,000."

18. Under the Act, accordingly, approximately 80% of unclaimed property transferred into the custody of the Treasurer and the Commonwealth pursuant to the Act is invested alongside the Commonwealth's General Fund, and thus earns interest, dividends or other accruals and/or is held in interest-bearing accounts or other investment instruments or is used to pay the Commonwealth obligations. By law, such interest, dividends, accruals, and other investment returns must inure to the sole benefit of the Commonwealth's General Fund. Money in the Crime Victim's Compensation Fund is invested like other Commonwealth funds, with the investment gains and proceeds inuring to the sole benefit of the Crime Victim's

Compensation Fund, and is not credited toward an unclaimed restitution award.

19. The Act is not an escheat statute, in which actual ownership to abandoned property may eventually vest in the Commonwealth after certain due process procedures are followed. Instead, the Act is purely custodial in nature, as Pennsylvania courts have determined, and ownership rights over abandoned property are never transferred from the property owner to the Commonwealth of Pennsylvania. Thus, ownership at all times remain with the owner of the property.

20. The Treasurer does not pay just compensation to any owner for the state's use of the private unclaimed property for public purposes while in state custody.

**II. Plaintiff's Property**

21. According to the Defendant's online records, in May 2022, Defendant held three pieces of Mr. Dillow's property in custody; it now holds one. In 2022, those properties included three items of unclaimed property totaling more than $100. Mr. Dillow was the owner under the Act with respect to those three properties.

22. In the summer of 2026, Plaintiff filed formal claims with the Treasurer for the return of two of his three distinct property items, which Pennsylvania's unclaimed property database listed with amounts "Under 100". The Treasurer approved these claims and returned the nominal principal amounts, totaling less than $20. However, consistent with mandatory provisions of the Act, the Treasurer paid Plaintiff no just compensation for the period during which the Commonwealth held and utilized that property for public purposes.

23. Plaintiff did not make a claim for his remaining piece of property, which remains in the Commonwealth's custody, which the Treasurer's online database identifies as "CLAIMS PAYMENT CHECK" and "Amount: Over 100," Property # 31293149. Given the circumstances

around Plaintiff's claims for his other two pieces of property and the Commonwealth's payment of nominal principal amounts without any just compensation, Plaintiff reasonably believes, and therefore alleges, that the Treasurer, if given the opportunity, would deny him just compensation, as was done for his two other property items previously in the Commonwealth's custody and in the uniform application of Pennsylvania law.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, seeking declaratory and prospective injunctive relief on behalf of the following class (the "Class"):

> All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) who are or were owners of unclaimed property that is or was being held in custody by the Treasurer of the Commonwealth of Pennsylvania in the form of money under the Pennsylvania Disposition of Abandoned and Unclaimed Property Act, 72 P.S. §§1301.1-1301.29b, as of the date of the taking.

25. The members of the Class are so numerous that joinder of all members is impracticable. There are currently hundreds of thousands of persons or entities who own property presumed abandoned and held in custody by Defendant under the Act. Currently the Treasurer is holding approximately $5 billion in unclaimed property in custody, with hundreds of millions of dollars of additional unclaimed property flowing to the Commonwealth annually. The average amount of each claim is too small to warrant an individual action challenging the Act's legality under the United States Constitution and the Pennsylvania Constitution, making joinder of all class members impracticable.

26. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's property is being held in custody under the Act by Defendant and, while in

Commonwealth custody, is subject to the same provisions of the Act that prohibit the Commonwealth from compensating other owners of unclaimed property for interest or earnings received after deposit with the Defendant and prior to sale of the property or for use by the defendant of all monies held as unclaimed property.

27. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

28. There are questions of law and fact common to the Rule 23(b)(2) Class, including the following:

a. whether the Commonwealth's use of unclaimed property for public purposes is a taking for which just compensation is due;
b. the proper measure of just compensation for the Class;
c. the appropriate injunctive and declaratory relief for the Rule 23(b)(2) Class; and
d. the appropriate amount of just compensation due to the members of the class

29. Plaintiff's claims arise out of the same common course of conduct by Defendant giving rise to the claims of the other members of the Rule 23(b)(2) Class. Defendant has acted and refused to act on grounds that apply generally to the Rule 23(b)(2) Class so that injunctive and declaratory relief are appropriate.

30. The Fifth Amendment to the United States Constitution protects not only the principal of unclaimed property in the custody of the Commonwealth, but also the time-value of the property. Accordingly, upon return of their unclaimed property, Plaintiff and the members of the Rule 23(b)(2) Class are entitled to just compensation for the Commonwealth's use of their property in violation of the 5th Amendment and the analogous Article I, Section 10. The Commonwealth is not entitled to free use for public purposes of unclaimed property.

31. In all events, the Commonwealth is not entitled to transform unclaimed private property into an interest-free loan for the Commonwealth's benefit. As an example,

elsewhere, the Commonwealth provides that compensation for delayed payments for condemnations "shall be paid at an annual rate equal to the prime rate as listed in the first edition of the Wall Street Journal published in the year, plus 1%, not compounded" from the date of condemnation or the relinquishment of the condemned property. 26 Pa.C.S.A. §713(a).

**COUNT I**
**CLAIM FOR DECLARATORY AND OTHER RELIEF ON BEHALF OF PLAINTIFF AND THE CLASS; UNCONSTITUTIONALITY UNDER THE 5TH AMENDMENT**

32. Plaintiff Dillow realleges each of the foregoing paragraphs as though fully set forth herein.

33. The Act violates the 5th Amendment, made applicable to the Commonwealth through the 14th Amendment, in that it directs that upon claiming unclaimed property transferred to the custody of the Commonwealth must be used by the Commonwealth for public purposes without the payment of just compensation to property owners for the Commonwealth's public use of that property while in state custody.

34. Plaintiff and the Class are entitled to a declaration that the Act violates the 5th Amendment and 14th Amendment.

35. Defendant's unlawful course of conduct will continue absent a declaration from this Court that Defendant's conduct violates the rights of the Plaintiff and the members of the Class and an injunction from this Court requiring the Defendant to change the course of conduct that is described above.

36. Plaintiff and the members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint and for an award of just compensation. Judgment may issue under 28 U.S.C. § 2201, *et seq.*

37. Plaintiff has no adequate remedy at law.

**COUNT II**
**CLAIM FOR DECLARATORY AND OTHER RELIEF ON BEHALF OF PLAINTIFF AND THE CLASS; UNCONSTITUTIONALITY UNDER ARTICLE I, SECTION 10**

38. Plaintiff Dillow realleges each of the foregoing paragraphs as though fully set forth herein.

39. The Act violates Article I, Section 10 of the Commonwealth's constitution in that it directs that upon claiming unclaimed property transferred to the custody of the Commonwealth and used by the Commonwealth for public purposes is to be returned without the payment of just compensation to property owners.

40. Plaintiff and the Class are entitled to a declaration that the Act violates Article I, Section 10 and to payment of just compensation.

41. The Defendant's unlawful course of conduct will continue absent a declaration from this Court that Defendant's conduct violates the rights of the Plaintiff and the members of the Class and an injunction from this Court requiring the Defendant to change the course of conduct that is described above.

42. Plaintiff and the members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq.*

43. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff prays that the Court enter judgment in his favor and against Defendant as follows:

A. Declaring that this action may be maintained as a class action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the Class defined above

and that Plaintiff Dillow is a proper Class representative, certifying the Class and designating his counsel as Class Counsel;

B. Declaring the Act is unconstitutional under the 5th and 14th Amendments to the United States Constitution and Article 1, § 10 of the Commonwealth's constitution;

C. Declaring that the Commonwealth's taking of unclaimed private property for public purposes while in the Commonwealth's custody are takings of property within the meaning of the 5th Amendment and Article I, Section 10, for which the Commonwealth is required to pay just compensation;

D. Awarding just compensation to the owners of the property;

E. Declaring the proper measure of just compensation;

F. Declaring the standard for Plaintiff and the members of the Class for measuring the just compensation to the owner for the taking of the property for public use;

G. Declaring that Defendant must pay just compensation according to the standard determined by this Court, and issuing an injunction to ensure that the Commonwealth complies with that Declaration when returning property to owners of unclaimed property;

H. Awarding Plaintiff his attorneys' fees and reimbursement of their expenses, pursuant to 42 U.S.C. § 1988 and pursuant to applicable principles of equity; and

I. Awarding such other and further relief as the Court deems just and proper.

Dated: September 30, 2026

**OF COUNSEL:**

**THE LAW OFFICE OF ARTHUR SUSMAN**
Arthur Susman
1540 N. Lake Shore Drive Chicago,
Illinois 60610
(847) 800-2351
arthur@susman-law.com

**ESBROOK, P.C.**

*/s/ Michael C. Wagner*
Michael C. Wagner (PA No. 78756)
800 N. King Street, Suite 301
Wilmington, DE 19801
(302) 366-4633
michael.wagner@esbrook.com

**SMITH, KATZENSTEIN & JENKINS LLP**
Julie M. O'Dell (PA No. 320081)
Elizabeth Wilburn Joyce (DE No. 3666)
Kelly A. Green (DE No. 4095)
Lauren A. Black (PA No. 331241)
Brady C. O'Neill (DE No. 7638)
1000 N. West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
jmo@skjlaw.com
ewj@skjlaw.com
kag@skjlaw.com
lab@skjlaw.com
bco@skjlaw.com

*Attorneys for Plaintiff*